UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:10-cv-01602-T-17

FORTRAN GROUP INTERNATIONAL,
INC.,

Plaintiff,

v.

TENET HOSPITALS LIMITED,
R.H.S.C. EL PASO, INC., and RICOH
AMERICAS CORPORATION d/b/a
RICOH USA,

Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGEMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT

This cause is before the Court on Plaintiffs' Motion for Declaratory Judgment (Dkt. 3, 16, 17), Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. 12), and Plaintiff's response thereto (Dkt 31).

### BACKGROUND

This dispute arises from a lease agreement, entered into by Tenet Hospitals Limited ("THL") and R.H.S.C. El Paso, Inc. ("RHSC"), for the lease of photocopiers from Plaintiff. Plaintiff alleges that upon the termination of the lease, the Defendants returned said photocopiers in a condition that does not conform to the termination agreement entered into by the parties on or about April 7, 2010. Specifically, Plaintiff contends that the photocopiers were returned with their internal hard drives, containing the Protected Health Information of hospital patients, as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPPA), potentially

subjecting Plaintiff to liability under that act in the event that the confidential information is compromised, and, thus, rendering the machines unusable. Count I of the Plaintiff's Amended Complaint is a claim for breach of contract seeking damages for the alleged deviant state of the photocopiers upon delivery. Count II is a claim for declaratory relief, requesting this court to determine which party should be responsible for the remediation of the contaminated hard drives at issue in Count I. Plaintiff has additionally filed a Motion for Declaratory Judgment identical in substance to Count II of the Amended Complaint. Defendants move to dismiss Count II of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## STANDARDS OF REVIEW

### I. Declaratory Judgment

As this court has previously noted, Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights to litigants. Strubel v. Hartford Ins. Co. of The Midwest, 2010 WL 745616, at *2 (M.D. Fla. Feb. 26, 2010) (citing Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp., 589 F.Supp.2d 1336, 1335 n. 1 (S.D.Fla.2008)). Florida's procedural rules are inapplicable in this diversity action. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Accordingly, Plaintiff's claim for declaratory relief is governed by the Declaratory Judgment Act, 28 U.S.C. § 2201, post removal.

The Eleventh Circuit Court of Appeals recently observed that "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 830 (11th Cir. 2010) (citing Kam-Ko Bio-Pharm Trading Co., Ltd.-Australasia v. Mayne Pharma, 560 F.3d 935, 943 (9th Cir.2009)). The Federal Rules of Civil Procedure govern the procedure for obtaining a

declaratory judgment under 28 U.S.C. § 2201. Fed.R.Civ.P. 57. Thus, declaratory judgment must be sought through the filing of a complaint, and motions for declaratory judgment are improper in federal court.

A party filing an action for declaratory judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1346 (11th Cir. 1999) (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). Furthermore, "a trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co., 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010). In deciding whether to entertain a declaratory judgment action, district courts are provided significant discretion. See Kerotest Manufacturing, Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952).

## II. Summary Judgment

The Plaintiff asks the court to construe their Motion for Declaratory Judgment alternatively as a motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides for such relief when, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all facts and inferences are to be viewed in the light most favorable to the non-moving party. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). Furthermore, the moving party bears the initial burden of proving that no genuine issue as to any material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

### III. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007). The Supreme Court has held that: "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all of plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## DISCUSSION

### I. Plaintiff's Motion Declaratory Judgment

As explained above, this Court cannot entertain Plaintiff's Motion for Declaratory Judgment because, in federal court, such relief may only be sought through the commencement of an action for declaratory judgment. Plaintiff's motion was filed in state court, but Plaintiff is nonetheless subject to federal procedure post-removal, and the Motion for Declaratory Judgment is therefore denied. Accordingly, Plaintiff requests the Court to consider their Motion for Declaratory Judgment as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.

## II. Plaintiff's Motion for Summary Judgment

In order to prevail on summary judgment, the Plaintiff must demonstrate that no genuine issue as to any material fact exists in the case at hand. Celotex, 477 U.S. at 322. Here, the pleadings raise several issues of fact that are material to the outcome of this case. For example, paragraph 31 of the Plaintiff's Amended Complaint alleges that the leased photocopiers were returned with hard drives that contained the Protected Health Information of hospital patients. (Dkt. 2). In their Answer to the Plaintiff's Amended Complaint, Defendants THL and RHSC claim to be without sufficient knowledge to admit or deny this allegation. (Dkt. 11). Therefore, Plaintiff's Motion for Summary Judgment fails.

## III. Defendants' Motion to Dismiss

Finally, the Court must consider the Defendants' Motion to Dismiss the second count of the Plaintiff's Amended Complaint. Plaintiff brings two claims against the Defendants in the Amended Complaint. Count I is a claim for breach of contract. Count II is a claim for declaratory relief. The breach of contract claim is based on allegations that THL and RHSC breached a settlement term related to THL and RHSC's return of photocopiers to the Plaintiff. Plaintiff alleges that THL and RHSC breached the settlement agreement by returning the photocopiers with Protected Health Information stored in the photocopiers' memory, and requests compensation for that breach. (Dkt. 2).

Count II for declaratory relief stems from the same set of facts as the breach of contract claim. Plaintiff asks the court to instruct the parties as to which entity should be responsible for remediating the contaminated hard drives, and to enter a finding of fact that the photocopiers were indeed returned with Protected Health Information stored on the hard drives. Plaintiff

wishes to have such a finding of fact so that they may destroy the hard drives, and no longer be forced to bear the burden of storing the confidential Protected Health Information, which if compromised could subject them to liability under the HIPPA statute.

Like the breach of contract claim, the Plaintiff's claim for declaratory relief is predicated on the allegation that THL and RHSC breached the settlement agreement by delivering the photocopiers to Plaintiff with the Protected Health Information stored in the photocopiers' hard drives. The Plaintiff is understandably frustrated by the situation requiring them to preserve volatile evidence relating to their breach of contract claim and to pay the cost of storing that evidence. However, such storage costs, as well as any income that the Plaintiff has lost as a result of not being able to lease the photocopiers, is subject to recovery under Count I of the Plaintiff's Amended Complaint. Furthermore, the Plaintiff's fear that the Protected Health Information could be compromised, leading to liability for damages under the HIPPA statute, is pure speculation. Even when taking the factual allegations set out in the Plaintiff's complaint as true, the Court finds that the Plaintiff's claim for declaratory judgment is subsumed by their claim for damages for breach of contract. Accordingly, Defendants' Motion to Dismiss Count II of Plaintiff's Amended Complaint is granted. Accordingly, it is

ORDERED that the Plaintiff's Motion for Declaratory Judgment and Motion for Summary Judgment be **DENIED**, and that the Defendants' Motion to Dismiss Count II of Plaintiff's Amended Complaint be **GRANTED** and that count is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of October, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE